UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| EDISON TORRES-JURADO, | : | |
|---|---|---|
| Petitioner, | : | Civ. No. 18-2115 (KM) |
| v. | : | |
| MICHAEL SAUDINO et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | |

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Edison Torres-Jurado, a native and citizen of Ecuador, is an immigration detainee proceeding by counsel with a petition for writ of habeas corpus, under 28 U.S.C. § 2241. (Pet., ECF No. 1; Am. Pet., ECF No. 15.) Mr. Torres-Jurado's amended petition indicates that he was ordered removed in 2005, but that Immigrations and Customs Enforcement ("ICE") granted him an indefinite stay of removal and released him under an order of supervision. (ECF No. 15, ¶ 13.) He asserts that, despite his full compliance with the terms of his order of supervision, he was taken back into ICE custody on November 27, 2017. (*Id.* ¶ 2.) His amended petition contends that ICE seeks to remove him to Ecuador, but that "[t]he Ecuadorian Consulate has not and will not issue identity and travel documents necessary for his departure." (*Id.* ¶ 3.) Mr. Torres-Jurado alleges that his present detention violates the terms of the order of supervision and his due-process rights. (*Id.* ¶ 6.) He also alleges that the duration of his detention has rendered it unconstitutional and that his removal is not reasonably foreseeable. (*Id.*) Accordingly, the Amended Petition seeks, among other relief, Mr. Torres-Jurado's immediate release from custody and an order directing ICE to comply with the indefinite stay of removal. (*Id.* at 14.)

Respondents filed an Answer on March 22, 2018, contending, among other things, that Mr. Torres-Jurado had not established that there was no significant likelihood of removal in the reasonably foreseeable future and that Mr. Torres-Jurado had not cooperated with efforts to obtain a travel document. (ECF No. 24 at 6–8.)

On May 15, 2018, Mr. Torres-Jurado filed a motion seeking an emergency stay of removal. (ECF No. 27.) His counsel indicates that Mr. Torres-Jurado has been moved to a staging facility in Louisiana, which she interprets as a sign that his removal is imminent. (*Id.* ¶¶ 4–5.) Counsel stated that a memorandum of law would "immediately follow[]" and requested an emergency stay of removal based upon the reasons to be set forth in that memorandum of law. (*Id.* ¶ 8.) As of the close of business on May 16, 2018, the Court had not yet received any memorandum of law. Nevertheless, because this was presented as an emergent motion, I will address it.

The Court cannot grant an emergency stay of removal. Under 8 U.S.C. § 1252, it is without jurisdiction to consider Mr. Torres-Jurado's attempt to challenge the decision by ICE to execute the removal order that was issued in 2005. Section 1252(g) removes such jurisdiction from the district courts:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).[1] Judges in districts across the country, including this one, have found that this jurisdictional bar applies to applications to stay removal. *See Fermin v. United States*, No. 17-cv-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order *or a request for a stay of that Order* could be entertained only by the Court of Appeals"); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."); *see also Ingram v. Holder*, No. 12-cv-390, 2012 WL 1339919 (N.D. Ala. Apr. 13, 2012); *Lage v. Chapdelaine*, No. 10-cv-1030, 2010 WL 4688820 (D. Conn. Nov. 10, 2010); *Sanchez v. Florida*, No. 09-cv-1223, 2009 WL 1953002 (M.D. Fla. July 6, 2009); *Watson v. Stone*, No. 13-cv-480, 2013 WL 6072894 (M.D. Ga. Nov. 18, 2013); *Camick v. United States*, No. 16-cv-3030, 2016 WL 8943170 (D. Kan. June 7, 2016); *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass. 2006); *Sanchez-Ronquillo v. Adducci*, No. 17-cv-11395, 2017 WL 3386318 (E.D. Mich. Aug. 7, 2017); *Cole v. Byam*, No. 11-cv-115, 2011 WL 1166899 (W.D. Mich. Feb. 25, 2011); *Calderon-Rodriguez v. Terry*, No. 12-cv-691, 2013 WL 1897821 (D.N.M. Apr. 30, 2013); *Rosales v. Artus*, No. 10-cv-2742, 2011 WL 3845906 (E.D.N.Y. Aug. 30, 2011); *Eisa v. ICE*, No. 08-cv-6204, 2008 WL 4223618 (S.D.N.Y. Sept. 11, 2008); *Adames v. Hinton*, No. 16-cv-963, 2016 WL 7386348 (S.D. Ohio); *Guzman v. ICE*, No. C-06-23, 2006 WL 2345995 (S.D. Tex. Aug. 10, 2006).

---

[1] More generally, the provisions of 8 U.S.C. § 1252 grant exclusive jurisdiction to review removal orders and related matters to the Courts of Appeal and thus deprive District Courts, like this one, of any such review power. *See* 8 U.S.C. § 1252(a)(5), (b)(9), (g); *see also Vasquez v. Aviles*, 639 F. App'x 898, 900–01 (3d Cir. 2016); *Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401 (3d Cir. 2015). In particular, § 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

Accordingly, this Court lacks any jurisdiction to grant Mr. Torres-Jurado's motion for an emergency stay of removal, and the motion will be denied.[2]

DATED: May 16, 2018

KEVIN MCNULTY
United States District Judge

---

[2] Mr. Torres-Jurado should note that this result does not in any way preclude him from seeking such relief from the Court of Appeals for the Third Circuit.

4